UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIJAH FORD #374376,

        Plaintiff,

v.

MICHAEL KENNERLY, et al.,

        Defendants.
_____/

Hon. Janet T. Neff

Case No. 1:16 CV 243

**REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Defendants' Motion to Dismiss</u>.  (ECF No. 69-70).

Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be

**granted**.

**BACKGROUND**

Plaintiff initiated this action on March 8, 2016, against fifty-five (55) individuals, two

organizations, and the State of Michigan alleging numerous claims, including deliberate indifference

to his serious medical needs.  (ECF No. 1).  The majority of Plaintiff's claims were dismissed on

screening.  (ECF No. 14-15).  At this juncture, the following claims remain in this matter: (1) equal

protection claim against Defendant Wilson; (2) retaliation claims against Defendants Wilson, Murry,

Moul, Vankamman, Bourman, Woods, Shroad, Harris, Zwolensky, Day, and Nevins; and (3) deliberate

indifference claims against Defendants Wilson, Day, Kennerly, Czop, Gerlach, Behler, LaBarre, Jastifer,

Bounting, Kemp, Siglar, Ibarra, Squier, Orlebeke, Kangas, and Corizon Healthcare.  (ECF No. 14 at

PageID.904).

In an attempt to defend against Plaintiff's claims that he received constitutionally inadequate healthcare, Defendants Kennerly and Czop submitted to Plaintiff a release authorizing Defendants to access his medical records. (ECF No. 47-1 at PageID.987-89). Plaintiff responded to this request by stating, "I do not feel obligated nor at liberty to release or disclose such information. . .without a legal Court Order directing me to do so." (ECF No. 47-2 at PageID.991). Defendants subsequently moved to compel Plaintiff to authorize access to his medical records. (ECF No. 47). On October 4, 2016, the Court granted Defendants' motion, concluding that "Plaintiff cannot continue to prosecute claims regarding the quality of medical treatment he received from Defendants unless he permits Defendants to access his medical records." (ECF No. 60). Plaintiff was also expressly cautioned that if he failed to timely execute the releases necessary to permit Defendants to access his medical records, the Court would recommend that Plaintiff's deliberate indifference claims be dismissed for failure to comply with the Court's Orders. (ECF No. 60). Defendants Corizon, Czop, Kennerly, Orlebeke, Squier, Gerlach, Wilson, Day, LeBarre, Bounting, and Siglar now move the Court to dismiss Plaintiff's deliberate indifference claims on the ground that Plaintiff has refused to comply with the Court's October 4, 2016 Order.[1]  Plaintiff has failed to respond to the present motion.

## ANALYSIS

Federal Rule of Civil Procedure 37 provides, in part, that if a party "fails to obey an order to provide or permit discovery," the Court may "dismiss[] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).  When considering whether to dismiss a claim for failure to obey an order or provide discovery, the Court considers the following factors: (1) whether the party's failure to

---

[1] The Court notes that service has yet to be effected on Defendants Behler, Jastifer, Kemp, Ibarra, and Kangas, the other defendants against whom Plaintiff has asserted claims of deliberate indifference.

cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the opposing party is prejudiced by the failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were first imposed or considered. *See Smith v. Nationwide Mutual Fire Ins. Co.*, 410 Fed. Appx. 891, 894 (6th Cir., Dec. 15, 2010) (citations omitted).  While no particular factor is dispositive, "dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.* at 894-95.

On October 7, 2016, Defendants forwarded to Plaintiff a copy of the Court's October 4, 2016 Order along with an authorization form permitting the release to Defendants' counsel of Plaintiff's "complete health record" for the dates July 1, 2012 through March 31, 2013.  (ECF No. 69-1 at PageID.1194-97).   Plaintiff failed to provide the requested authorization.   (ECF No. 69-3 at PageID.1202-04).  While Plaintiff appears to have signed the authorization form, he did not obtain the signature of a witness as required.  (ECF No. 69-3 at PageID.1203-04).  Also, Plaintiff unilaterally changed the dates of the records to which he was authorizing access, specifically refusing to provide Defendants access to his medical records prior to March 1, 2013.  (ECF No. 69-3 at PageID.1203-04).

Plaintiff appears to have taken this action because he asserts that the shoulder injury giving rise to his remaining deliberate indifference claims occurred on March 2, 2016.  (ECF No. 14 at PageID.855).  However, that Plaintiff's alleged shoulder injury occurred on March 2, 2016, does not make irrelevant or undiscoverable medical records predating such.  Such records are clearly relevant to enable Defendants to obtain a more complete picture of Plaintiff's health as well as any previous shoulder injuries or treatment he may have received.  The temporal scope of Defendants' request is reasonable and Plaintiff's refusal to comply therewith is in violation of this Court's previous Order.

Assessment of the relevant factors weighs in favor of dismissing Plaintiff's remaining deliberate indifference claims.  Plaintiff's refusal to follow the Court's previous Order is willful and prejudices Defendants' ability to defend Plaintiff's claims.  Also, Plaintiff was expressly warned that failure to comply with the Court's Order would result in a recommendation that his deliberate indifference claims be dismissed.  Simply put, Plaintiff cannot continue to assert claims regarding the quality of medical care he received while simultaneously failing to permit Defendants to access his medical records.  Accordingly, the undersigned recommends that Defendants' motion to dismiss Plaintiff's remaining deliberate indifference claims be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss, (ECF No. 69-70), be **granted** and Plaintiff's remaining deliberate indifference claims be dismissed.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  January 5, 2017

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge