UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIJAH FORD #374376,

    Plaintiff,    Hon. Janet T. Neff

v.    Case No. 1:16 CV 243

MICHAEL KENNERLY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment, (ECF No. 57), and Defendant's Motion for Summary Judgment, (ECF No. 82). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions both be **granted**.

## BACKGROUND

Plaintiff initiated this action on March 8, 2016, against fifty-five (55) individuals, two organizations, and the State of Michigan alleging numerous claims, including deliberate indifference to his serious medical needs. (ECF No. 1). The majority of Plaintiff's claims were dismissed on screening by the Honorable Janet T. Neff. (ECF No. 14-15). Specifically, the following claims remained following screening: (1) equal protection claim against Defendant Wilson; (2) retaliation claims against Defendants Wilson, Murry, Moul, Vankamman, Bourman, Woods, Shroad, Harris, Zwolensky, Day, and Nevins; and (3) deliberate indifference claims against Defendants Wilson, Day, Kennerly, Czop, Gerlach, Behler, LaBarre, Jastifer, Bounting, Kemp, Siglar, Ibarra, Squier, Orlebeke, Kangas, and Corizon Healthcare. (ECF No. 14 at PageID.904). Defendants Wilson, Nevins, Shroad,

Day, Zwolensky, Wood, Harris, Moul, Vankamann, Bowerman, LeBarre, Bunting, Sickler, and Murry now move to dismiss Plaintiff's remaining claims against them on the ground that Plaintiff has failed to properly exhaust his administrative remedies. Plaintiff has failed to respond to the present motions.[1]

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

---

[1] On January 5, 2017, the undersigned recommended that Plaintiff's remaining deliberate indifference claims be dismissed for Plaintiff's failure to comply with Court Orders directing him to permit Defendants to access his medical records. (ECF No. 81). Resolution of Plaintiff's objections to this recommendation remain outstanding. The Court has, therefore, analyzed the present motions as if Plaintiff's deliberate indifference claims remain before the Court.

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

As the Court previously noted, the claims asserted in Plaintiff's complaint concern events that occurred while Plaintiff was housed at the Ionia Correctional Facility (ICF). (ECF No. 14 at PageID.852). Defendants have submitted evidence that during the relevant time period, Plaintiff pursued through all three steps of the grievance process thirteen (13) grievances. (ECF No. 58 at PageID.1022-27). As previously noted, Plaintiff has failed to respond to the present motions and, therefore, has failed to present evidence asserting otherwise. A review of these thirteen grievances reveals that none properly exhaust any of the claims remaining in this matter.

A.   Grievance ICF-12-08-3007-28e

This grievance concerns Plaintiff's allegations that in 2012 he was not being provided with appropriate shoes. (ECF No. 58-2 at PageID.1047-56). This claim was dismissed on screening. (ECF No. 14 at PageID.872-74).

   B.  Grievance ICF-13-09-1750-08g

This grievance concerns Plaintiff's claim that he was improperly identified by prison officials as a member of a Security Threat Group. (ECF No. 58-2 at PageID.1057-80). This claim was dismissed on screening. (ECF No. 14 at PageID.881-83).

   C.  Grievance ICF-13-05-0972-26z

In this grievance, Plaintiff alleges that on May 4, 2013, Defendant Wilson made a threatening comment to him. (ECF No. 58-2 at PageID.1081-85). This allegation does not correspond or relate to any of Plaintiff's remaining claims.

   D.  Grievance ICF-05-1103-17c

This grievance concerns Plaintiff's claim that on May 22, 2013, Defendant Wilson acted improperly during a pat-down search. (ECF No. 58-2 at PageID.1086-89). This claim was dismissed on screening. (ECF No. 14 at PageID.886-87).

   E.  Grievance 13-05-1123-28b

This grievance was asserted against Defendants Stoddard and Norwood. (ECF No. 58-2 at PageID.1090-94). There are no claims remaining in this matter against either of these defendants.

    F.  Grievance 13-04-0794-17g

In this grievance, Plaintiff alleges that Defendant Woods violated MDOC policy when conducting a pat-down search. (ECF No. 58-2 at PageID.1095-99). This claim was dismissed on screening. (ECF No. 14 at PageID.867).

    G.  Grievance ICF-13-05-0975-28a

Plaintiff asserts in this grievance that Defendant Czop failed to provide him with appropriate medical care. (ECF No. 58-2 at PageID.1100-06). Defendant Czop is not one of the moving parties presently before the Court.

    H.  Grievance 13-04-0802-12d1

Plaintiff asserts in this grievance that Defendant Squier failed to provide him with appropriate medical care. (ECF No. 58-2 at PageID.1107-10). Defendant Squier is not one of the moving parties presently before the Court.

    I.  Grievance 13-05-0932-26b

In this grievance, Plaintiff asserts that Defendant Wilson subjected him to verbal harassment. (ECF No. 58-2 at PageID.1111-19). This claim was dismissed on screening. (ECF No. 14 at PageID.885-86).

       J.       Grievance 13-05-0933-26z

This grievance concerns Plaintiff's allegation that Defendant Murry violated MDOC policy by failing to accurately report an injury he suffered. (ECF No. 58-2 at PageID.1120-28). This grievance does not correspond or relate to any of Plaintiff's remaining claims.

       K.       Grievance ICF-13-05-1017-17i

In this grievance, Plaintiff asserts that he was improperly denied yard time. (ECF No. 58-2 at PageID.1129-33). This claim was dismissed on screening. (ECF No. 14 at PageID.888-89).

       L.       Grievance ICF-13-04-0834-28e

Plaintiff asserts in this grievance that Defendant Kennerly failed to provide him with appropriate medical care. (ECF No. 58-2 at PageID.1134-39). Defendant Kennerly is not one of the moving parties presently before the Court.

       M.       Grievance ICF-12-08-3000-28e

This grievance concerns Plaintiff's claim that he was improperly identified by prison officials as a member of a Security Threat Group. (ECF No. 58-2 at PageID.1140-45). This claim was dismissed on screening. (ECF No. 14 at PageID.881-83).

None of these grievances properly exhaust any of Plaintiff's remaining claims against the moving Defendants. Plaintiff has failed to respond to the present motion and, therefore, has failed to present evidence calling into question the evidence submitted by Defendants or otherwise demonstrating that there exists a genuine fact dispute. In his complaint, Plaintiff makes reference to

other grievances he allegedly pursued while housed at ICF.  (ECF No. 1-3 at PageID.174, 178-80, 183, 185).  While Plaintiff appears to have filed a verified complaint, these particular allegations are too vague, inspecific, and incomplete to create a question of fact or otherwise defeat Defendants' properly supported motion for summary judgment.  Accordingly, the undersigned recommends that the motions for summary judgment filed by Defendants Wilson, Nevins, Shroad, Day, Zwolensky, Wood, Harris, Moul, Vankamann, Bowerman, LeBarre, Bunting, Sickler, and Murry be granted and Plaintiff's remaining claims against these defendants be dismissed without prejudice for failure to exhaust administrative remedies.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (ECF No. 57), be **granted**, and Defendant's Motion for Summary Judgment, (ECF No. 82), be **granted**.  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  March 21, 2017   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge